OPINION of the Court, by
Judge Owslet.
-Su-sannah Lightfoot, being the owner of a negro boy Moses, transferred him to Jordan by deed, in trust, that TffiSproceedfi of his hire should be applied to the main-' of Goodrich Lightfoot, during his life. Some time thereafter, Eastland obtained a judgment and sued obt a "fieri facias against the estate of Goodrich Light-foot!' By this execution the negro was sold by the sheriff, and Eastland becarifte the purchaser. Jordan, the trustee, then brought an action of detinue against East-land, for the negro. On the trial, Eastland moved' the court to instruct the jury, that the negro boy was liable to be sold under the execution against Goodrich Lightfoot, for at least during Goodrich’s life. 'I he court, however, was of opinion, that the nett annual proceeds from the boy’s hire, were alone liable to execution, and overruled the motion of Eastland. Judgment was obtained by Jordan, for the negro apd damages, 8tc.
The main point-in this cause, is, was the negro boy in anywise subject to the execution against Go drich Lightfoot ?
By the 3 3th section of the act of 1796 (1 Littell, 572) concerning convey ances, it is provided, that“ estates of every kind, holden or possessed in trust, shalL be subject to like debts and charges of the person to whose use, or for whose benefit they were or shall be respectively holden or possessed, as they would have beeu subject to, if those persons had owned the like *187 interest in the things holslen or possessed, as they shall Own in the use or trusts thereof.”
That the terms estates of all kinds, used in this section of <he act, embrace slaves, we think too clear to rfidmit of a doubt. Whether those terms are understood in their technical s nse, or in their ordinary and ,usual acceptation, slaves are evidently embraced. Could a doubt, however, exist as to the import of those terms, it must be.removed, when it is observed, that the term estate, in other parts of the same act, is made to apply to slaves as well as land.
If, then, slaves are embraced by the act, it is , clear the interest of Goodrich Lightfoot was subject to the execution of Eastland : for if the interest of a cestui que trust, in estates falling within the provisions of the act, and expressly created by deed of trust, is not subject to his debts, we can perceive no possible case 'which the act can reach, and it must be considere dead letier.
That the npgrofaoy, during Goodrich Lighfo twas liable to be sold by.the execution, and not t annual proceeds of his hire, as seems to have b opinion of the court below, we think equally clei is not the trust,but the estate itself held in trust, made subject to the debts pi a cestui que trust. case the negro boy was the estate held by Jordan^* trust for Lightfoot, during his life ; the boy, therefore, was the estate subject to be sold, and the court consequently erred in withholding the instructions asked fey Eastland.
The deed of trust alluded to in this cause seems to ■Eave been admitted to record by the clerk of the county court óf Franklin, upon the proof of one witness only. At the trial in_the court below, it was objected to as evidence, unless proven by a subscribing witness. The objection w.as overruled and the deed used its evidence. It is clear, the clerk had no authority to admit the deed to record, unless it had been acknowledged by the party, or proven by two1 witnesses at leást. H s having, therefore, certified its admission to record upon fhe oath of one witness, it is evident he exceeded his authority, and no advantage can be derived from its being^recorded. The deed could not therefore have heen used as .evidence, unless proof had been made of *188 ¡⅛ due execution. The judgment of the court below must be reversed with costs, and the cause remanded for new proceedings consistent with this opinion.