CASE 13—PETITION EQUITY—DECEMBER 18.

## Samuel, &c. vs. Salter.

APPEAL FROM GARRARD CIRCUIT COURT.

*Section 23 of chapter 80 of the Revised Statutes,* rendering trust estates liable for the debts of beneficiaries, is but a re-enactment of the 13th section of the act of 1796 on the same subject. (1 *Digest of Stat. Law,* 443.) The adjudications of the court of appeals, construing the act of 1796, determine the purview of the section of the Revised Statutes, *supra.* (*Cases cited construing the act of* 1796, 3 *Bibb* 186; 3 *J. J. Mar.,* 264; 8 *B. Mon.,* 61; 12 *Ib.,* 483.)

*Section 474 of the Civil Code* furnishes an effectual mode, upon the return of an execution *nulla bona,* of reaching the class of interests declared subject to the payment of debts by the section of the Revised Statutes, *supra.*

Property or funds cannot be vested in trustees for the *use* of another, without subjecting it to the debts of the *cestui que trust.*

An estate was devised to a trustee, with directions to use and control the same as he may think best, and out of the rents, hires, interest, proceeds, and profits, furnish the testator's son, from time to time, as he may need the same, such sums as may be sufficient for his reasonable and comfortable support during his life—the overplus of rents, hires, and profits to be divided between the children of the son, and, at his death, the estate that may remain to be equally divided between them. The trustee was given power to sell the estate at his discretion; the testator's son to have no power to charge his said maintenance and support with his debts, or lay the funds under any liability. Provision was made for the appointment of a successor to the trustee should he fail or refuse, or, from any cause, cease to act; and "in furnishing the maintenance bequeathed to said H., in trust for the use of my said son, H. D. S., the said trustee is *not restricted or limited to the actual profits of the estate.* My desire

is that my said son be comfortably maintained and supported." *Held,* that the estate bequeathed to the trustee is subject to the debts of the testator's son.

BURTON and BURDETT, for appellants, cited 8 *B. Mon.*, 64 ; 15 *Ib.*, 69 ; 14 *Ib.*. 311.

DUNLAP, for appellee, cited *Civil Code, sec.* 474 ; *Rev. Stat., sec.* 23, *page* 543 ; 8 *B. Mon.*, 65 ; 3 *Bibb,* 186.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

This was a proceeding to subject the equitable interest of a debtor, in certain trust property, to the payment of a judgment against him, upon which an execution had been issued and returned "no property found."

The interest which the debtor, Henry D. Samuel, had, and which was sought to be subjected, accrued under the following provisions of his father's will :

"After the payment of my debts and funeral expenses, I will and bequeath all the rest and residue of the estate that I may own at my death, whether real, personal, or mixed, to my grandson, Henry Samuel, upon the especial trust and confidence that the said Henry use and control the same as he may think best, and out of the rents of land, should I own any at my death, hire of slaves, interest, proceeds, and profits of said estate, furnish to my son Henry D. Samuel, from time to time, as he may need the same, such sums as may be sufficient for the reasonable and comfortable support of said H. D. Samuel, during his life, and should there be an overplus of the rents, hire, and profits, of said estate, after furnishing such maintenance, the same is to be equally divided between the children of said Henry D. Samuel, such as he now has or may hereafter have, and at the death of said H. D. Samuel such portion of said estate as may remain is to be equally divided among the children of my said son, Henry D. Samuel, such as he now has or may have, &c."

"Should said Henry Samuel, or his successor, at any time deem a sale of said property hereby devised best, he has full power to sell and convey the same."

"H. D. Samuel is to have no power to charge the maintenance and support, hereby bequeathed him, with his debts, or

lay the fund under any liability. The whole management of the matter is left to the discretion of the trustee hereby appointed, and his successor. Should said Henry Samuel fail or refuse to act as such trustee, or die, or otherwise cease to act, after having entered on the office, it is my will that some court of record, by order entered of record, appoint some discreet person to execute said office, and the person so appointed is to have all the power hereby given to said Henry Samuel."

"In furnishing the maintenance bequeathed to said Henry in trust for the use of my said son, H. D. Samuel, the said trustee *is not restricted or limited to the actual profits of the estate*. My desire is that my said son be *comfortable* maintained and supported," &c.

By the 13th section of the act of 1796, (1*st vol. Digest*, 443,) it is provided, that "estates of *every kind*, holden or possessed in trust, shall be subject to like debts and charges of the persons to whose use, or for whose benefit they were, or shall be, respectively holden or possessed, as they would have been subject to if those persons had owned the like interest in the things holden or possessed as they own or shall own in the uses or trusts thereof."

The *Revised Statues*, (2*d vol., Stanton's edition, page* 230,) contain a provision similar in effect, and almost in the same words.

The *Civil Code* (*sec.* 474,) declares that, "after an execution of *fieri facias*, directed to the county in which the judgment was rendered, or to the county of the defendant's residence, is returned by the proper officer, either as to the whole or part thereof, in substance no property found to satisfy the same, the plaintiff in the execution may institute an action by equitable proceedings in the court from which the execution issued, or in the court of any county in which the defendant resides, or is summoned, for the discovery of any money, *chose in action, equitable or legal interest, and all other property* to which the defendant is entitled, and for subjecting the same to the satisfaction of the judgment, &c."

The 13th section of the act of 1796, *supra*, has often been before this court for construction, and its extent and effect may be now regarded as thouroughly discussed, and well defined.

And as the provision of the Revised Statutes referred to is but a re-enactment of the previous law, and the section of the Code just cited only comes in aid of the Revised Statutes, and furnishes an effectual mode of reaching the class of interests declared subject to the payment of debts, it is only necessary to look to the adjudications of this court, construing the act of 1796, to determine the purview of the section of the Revised Statutes in question, and whether it embraces such an interest as that conferred upon Henry D. Samuel by the will of his father.

In *Eastland vs. Jordan*, (3 *Bibb*, 186,) it was held that a slave which was conveyed in trust, with a stipulation that the proceeds of his hire should be applied to the maintenance of the *cestui que use*, was subject to the payment of the debts of the beneficiary of the deed, and could be reached by execution.

In the case of *Cosby vs. Ferguson*, (3 *J. J. Mar.*, 264,) it seems that Cosby had made a deed of trust to Prather and others, transferring to them a certain amount of money for the benefit of himself and family, *the interest* to be appropriated to himself and family for their maintenance and support. It was decided that such an interest could not be reached by execution —it being a *chose in action*—but that a court of chancery could subject it to the payment of Cosby's debts.

In *Pope's ex'ors vs. Elliott & Co.*, (8 *B. Mon.*, 61,) the effort was to reach the interest of a debtor arising under the will of his father, which provided, in substance, that the executors should place at interest a sum sufficient to produce $300 *per annum*, "which interest they are to appropriate to the support of my son, James Pope, as long as he lives, and a like sum, in in like manner, for the support of my son, Robert Pope, as long as he lives. And in no event is either my son James or my son Robert to have or receive any other portion of my estate, or the profits thereof, but each the three hundred dollars during life." There was no judgment against the debtor, and no return of "no property found."

It was, held, however, that the fund which had accumulated in the hands of the executors—that is, so much of the interest constituting the annual fund to be paid to Robert Pope, as was

due him at the time of the decree, was subject to the demand. The court saying : "If the thing or estate holden in trust was that out of which the $25 a month was to issue, then it would seem that the principal sum or estate, and not the profits or interest, should be subjected. And as to the profits, it is clear that they are not the thing holden in trust until they are actually received, and it would seem, therefore, that no more than the sum in hand should be subjected."

In *Johnson vs. Ellis,* (12 *B. Mon.,* 483,) the interest sought to be subjected under the act of 1796, *supra,* and the act of 1821, (1*st Stat. law,* 302,) was created by the will of the debtor's father, which provided as follows : The testator directed that the farm on which he lived, and all the residue of his estate which had not been previously mentioned in his will, should be sold, and the proceeds equally divided among his children—"*the portion of his son, Ottoway,* and of his daughter to remain in the hands of his executors, to be disposed of as *they* might think best for them and their heirs."

The interest was subjected to the payment of Ottoway's debts, and in disposing of the case the court use the following language :

"A testator cannot, nor can any one, according to our laws, vest property or funds in trustees for the *use* of another, without subjecting it to the debts of the *cestui que trust.* By so doing, if the thing vested in the trustees be property, it is liable for the debts of him for whose use it is held, by virtue of the 13th section of the act of 1796, (1*st Stat. law,* 443,) and if the thing so vested be money it is, in like manner, liable upon a return of *nulla bona* upon an execution on a judgment to the debts of the equitable proprietor by virtue of the 6th section of an act of 1821. (1*st Stat. law,* 302.")

In view of these cases, it is impossible to escape the conclusion that the circuit court properly subjected the interest of H. D. Samuel, in the property mentioned in the will, to the payment of his debts.

He certainly had an interest, not only in the profits of the estate, but, as we have seen, the trustee was not restricted to the profits for the purpose of supporting the *cestui que use ;* he

could appropriate the estate itself for that end. This invested, beyond all doubt, the *cestui que trust* with an interest in the property, and brings the case directly within the section of the Revised Statutes, *supra*. Nor can there arise any question as to the mode of proceeding, as the creditor by his judgment and return of "no property" has brought himself fully within the provision of the Civil Code already cited.

The judgment is *affirmed*.