JUDGE PETERS delivered
the opinion op the court.
This suit in equity was brought by appellee, assignee of Hays, against appellants to enforce the payment of two notes— one for six hundred and fifty dollars, and the other for thirteen hundred dollars — by a foreclosure of two mortgages, in which it is alleged Mrs. Stewart joined her husband to pledge her real estate for the payment of said notes.
The summons having been served on the defendants the requisite time, and both of them having failed to answer, the petition was taken for confessed; but the chancellor, being of *370 opinion that under the will of her mother, through which appellant, Mrs. Stewart, derived her title to the property, and which the plaintiff made an exhibit of, she had no power to sell or incumber it, being restrained by the will from making such disposition of the property for a specified time, adjudged that as the husband had the power under the statute law to lease the wife’s real estate for a period of three years, that the mortgages might be regarded as such disposition, and the property under his judgment has been leased for the term of three years for a sum sufficient to pay the demands of appellee. After judgment Mrs. Stewart filed her petition to open the same, and therewith presented her defense to the action in an answer; but by some irregularity in the sitting of the court the defense was not made available, and the case is now brought to this court questioning the correctness of the 'judgment rendered.
Section 1, article 2, chapter 47, 2 Revised Statutes, 8, provides that marriage shall give to the husband during the life of the wife no estate or interest in her real estate, chattels real, or slaves owned at the time or acquired by her after marriage, except the use thereof, with power to rent the real estate for not more than three years at a time, and hire the slaves in like manner for not more than one year, and receive the rent and hire. And subsection 1 of said section expressly provides that the wife’s real estate, slaves, rent, and hire shall not be liable for any debt or responsibility of the husband contracted or incurred before or after marriage; but shall be liable for her debts and responsibilities, contracted or incurred before or after mazzriage, on account of necessaries for herself or any member of her family, her husband izzcluded, as shall be evidenced by writing signed by her and her husband. The remedy may be against both, or against her alone, as the case may be.
2. Nor shall the husband’s contingent right of curtesy or *371 life-estate, or his right to such use, rent, or hire, be sold for or otherwise subjected to the payment of any separate debt or responsibility of his during her life.
If these debts, for which the wife’s real estate has been by the chancellor’s decree leased, are the debts of the husband, contracted before or since the marriage, it is clear from the statute quoted that the decree is unauthorized. The note for six hundred and fifty dollars recites that it was executed for necessaries furnished the wife and husband; but there is no such recital in the other note nor mortgage, nor is there even an allegation in the petition that the debt was contracted for any such consideration.
We concur with the chancellor that Mrs. Stewart had no power to sell, mortgage, or otherwise dispose of the real estate when the mortgages were executed; but can not concur with him in the conclusion that the husband could in any way bind said estate for debts contracted by him either before or after marriage. A mortgage passes the legal title to real estate to the mortgagee. If therefore it should be adjudged that appellant can mortgage the estate notwithstanding she is prohibited in the will under which she derives title from disposing of it by deed of gift or sale, the prohibition amounts to nothing, as a mortgage can as effectually deprive her of the estate as an absolute conveyance. And consequently it was erroneous to subject the property in any way to the payment of the debt for thirteen hundred dollars contracted by the husband, from what appears in the record.
Wherefore the judgment is reversed, and the cause remanded with directions to permit appellee to amend his pleadings, and also to permit defendants, or either of them, to present an answer and make defense to the suit, if it shall be desired, and for further proceedings consistent herewith.