### CHARLOTTE S. NELSON v. JAMES H. NELSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—63.]

**Will—Construction of Will.**

A testator provided as follows: "I give and bequeath to James Nelson's children * * * one equal portion of my estate, * * * but their father is to occupy, manage and control the said portion for them during his life, and then a division shall be made between said children, but he is not to dispose of or sell any portion of it; nor is he to be responsible for any profit or use of said portion, nor is said portion nor any interest or profit of the same to be liable for his debts in any event." It was held that such terms created in the son a life estate.

**Construction of Provisions in a Will.**

If two provisions of a will are repugnant the later will be preferred as expressing the intention of the testator.

APPEAL FROM CLARK COURT OF COMMON PLEAS.

December 16, 1880.

OPINION BY JUDGE HARGIS:

The fifth clause of the will of Wm. H. Nelson, under which the appellant claims that James H. Nelson, the son of the testator, took a life estate, is in these words:

"I give and bequeath to James Nelson's children that he now has, or may hereafter have, one equal portion of my estate, that is, the same portion my son would have received. They are to take toward

that portion the farm on which they now reside. If that is more than their portion, then they are to pay back to my estate any overplus. This portion is given to my son's children, but their father is to occupy, manage and control the said portion for them during his life, and then a division shall be made between said children; but he is not to dispose of or sell any portion of it; nor is he to be responsible for any profit or use of said portion; nor is said portion nor any interest or profit of the same to be liable for his debts in any event."

What interest, if any, has James H. Nelson in the farm mentioned, which is shown by the record to contain 218 acres? In the beginning he makes a general devise to the children of his son of the portion he would have received, and gives them the farm in question toward that portion, requiring them to pay back to his estate the overplus if the farm should be more than their portion. He then repeats that "this portion is given to my son's children."

After that he wills that their father is to occupy, manage and control the said portion for them during his life, then a division shall be made among said children. The occupancy, control and management of the farm were secured by the will to his son during his life by the express language of the will, and in order to prevent any disturbance of his occupancy, control and management the testator directed, in effect, that a division of the land should not take place among the children of his son during his life. The children could not, therefore, obtain possession during their father's lifetime.

He was given complete control of the farm, exempted from payment or responsibility for any use or profit that might arise during his life by reason of his occupancy, management and control of the farm. This occupancy was certainly intended to be exclusive, else the children would have been given some right of joint occupancy with him. The word "occupancy," as used in the will, is equivalent to the word "possession."

If he had intended the children to have had any interest in the use or profits, in order to maintain or educate them, why did he without regard to their age or condition forbid a division to take place during their father's lifetime, although he may live until all of them are beyond 21 years old and far advanced in life? It is a significant fact that for this anticipated long continued occupancy, provided for the father, no responsibility was to be incurred by him for any use or profits. Could the creditors of the children subject the use and

profits during their father's life to their debts? Certainly not, because they belong to the father, and he cannot be made responsible for them, although he and no one else can receive them. Adverse of the use and profits for life is a life estate. *Bowles v. Winchester,* 13 Bush 1.

The reservation by a grantor of the use and control of the granted premises during his life creates in him a life estate with all its incidents. Washburn on Real Property (6th ed.), Sec. 222. While the land is devised to the children, and the occupancy, management and control thereof given to the son for them, yet in a subsequent part of the clause the testator secures the control and occupancy to his son during his life, and for that period gives him the use and profits for which he is exempted absolutely from all responsibility. He has, therefore, devised the use, profits and control of the land to his son during his life, and we think it creates in him a life estate.

The provisions contained in this clause of the will seem to be repugnant unless the control, management and occupancy "for them" means that he shall manage the farm during his life in a husband-like manner. That is, he shall not commit nor permit waste of any kind which the children would have the right to restrain. But if two provisions of a will are repugnant the latter shall be preferred as expressing the intention of the testator. 2 Blackstone Commentaries, 381; 1 Redfield on Wills, 443. In the case of *Wykham v. Wykham,* 18 Vesey 395, the court said that "of two inconsistent limitations in a will the latter prevails."

We cannot think this will, taken in all of its parts and construed, creates any trust for the children by the words "for them" used in the words quoted. *Sharp v. Lain,* Mss. Opin., 1884. The intention of the testator was to give this son, for some reason, what was equivalent to a life estate, but not by the usual words in which such estate is created, and imposes upon it conditions which would protect it from his creditors. While the son is exempted from liability for the use or profits the testator declares that the profits shall not be liable for his debts.

The manifest object of the testator was to give to the son the use and profits, but place them beyond the reach of his creditors. It has been held repeatedly that such provisions in a will or deed are void. *Samuel v. Ellis,* 12 B. Mon. 479; *Samuel v. Salter,* 3 Met. 259; *Cosby v. Ferguson,* 3 J. J. Marsh. 264; *Eastland v. Jordan,* 3 Bibb 186; *Pope's Exrs. v. Elliott,* 8 B. Mon. 56.

The construction we have given the will excludes the idea that any trust was created by it for the children in the use and profits of the land during their father's life. Words, to create a trust, must be imperative on the donee of the trust, and if they confer a mere power or authority and leave entirely at his discretion to apply or not the gift to the designated purpose, no trust will be created. Hill on Trustees, side page 66.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Geo. B. Nelson, L. Hathaway, for appellant.*

*Breckinridge & Shelby, for appellees.*