CASE 37—AGREED CASE BETWEEN THOMAS D. SMITH AND ABETHEL
   WALLACE, &c. TO ENFORCE A CONTRACT FOR THE SALE OF LAND
   AND FOR THE CONSTRUCTION OF A WILL.

113  263
e115  331
e115  332

113  263
132  786
132  787

# Wallace, &c. v. Smith.

APPEAL FROM TRIGG CIRCUIT COURT.

JUDGMENT FOR SMITH AND WALLACE AND OTHERS APPEAL.    REVERSED.

WILLS—CONDITION AGAINST ALIENATION.

Held:    A provision of a will that land devised to an infant shall
   not be sold until he is thirty-five years of age is an abso-
   lute condition of the devise and not a mere request or sugges-
   tion, and not being an unreasonable restraint of alienation, is
   valid.

R. A. BURNETT, ATTORNEY FOR APPELLANTS AND APPELLEE.

The eighty acres of land in controversy was willed to ap-
pellee, Thomas D. Smith by his father, with the proviso, "that
he shall not pledge, mortgage or sell the eighty acres of land,
hereby given to him, nor any part thereof, until he is thirty-
five years old." The lower court held that this is not a re-
striction, limitation or incumbrance on the land, or on the
right to sell or dispose of same, but merely a request and ad-
vice of the father to the son to keep the land until he arrived
at thirty-five years of age, and that appellee could now sell
and make a good and perfect title to the land.

In this opinion and judgment we think the court is correct.
Appellee is now twenty-five years of age, with a family, resid-
ing in the State of Missouri where he is permanently located;
and has sold the eighty acres at a sound price and wants to
invest the prooceeds where he is now living, and the appel-
lants want the land and are ready and willing to pay the price
agreed on provided it is the opinion of the court that appellee
can now make him a good and perfect title. Bullitt's Code,
chap. 4, secs. 637-8-9.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—REVERSING.

This appeal is prosecuted from a judgment of the circuit
court of Trigg county in the suit of Thomas D. Smith against
Alexander Wallace, etc. The case was really an agreed

one, the object being to obtain a construction of the second
and third clauses of the will of Hezekiah Smith. The ap-
pellee having conditionally sold the land in question to the
appellants, the agreed case was submitted to the circuit
judge, who rendered a judgment in effect holding that the
appellee could pass perfect title to the land in ques-
tion, subject only to the rights of the widow,
and that the appellants should be required to accept the
deed tendered. So much of the will as is involved in this
controversy reads as follows: "I give to my son, Thomas
D. Smith, at the death of my wife, the above eighty acres of
land; but, if my wife shall be living when my son, Thomas
D. Smith, becomes twenty-one years old, he is to have fifty
acres of the above eighty acres. At the death of my wife,
my son, Thomas D. Smith, shall have the remaining thirty
acres of said eighty acres of land; but he shall not pledge,
mortgage, or sell the eighty acres of land hereby given to
him, nor any part thereof, until he is thirty-five years old."
It is conceded that the appellee is now only about 25 years
old. It also appears that he has removed to the State of
Missouri, and that he can now sell the land in question for
a good price, provided he is able to make a perfect title.

It is the contention of appellee that the condition or
restriction mentioned in the will is really not a restriction,
but merely a request upon the part of the testator, and the
court below seems to have entertained the same view. We
can not concur in this contention. The limitation appears
to us to be absolute, and in no sense a request or sugges-
tion, but an absolute condition upon which the devise was
made. We are aware that many courts have held that, if
the fee to real estate passed under a deed or will, additional
restrictions or conditions repugnant thereto should be held
null and void. This court seems to recognize, in a decision

in 7 S. W., 543 (Farris v. Rogers' Guardian), that limitations added to a deed or will which had vested the vendee with the fee had been upheld.  In Stewart v. Brady, 3 Bush, 623, this court had under consideration the precise question, in substance, involved in the case at bar.  We copy as follows from the will in question in the case supra:  "I devise to my daughter, Adeline B. Tunstell, 42 acres of land, whereon I reside, to hold to herself, said Adeline, and her heirs, in fee simple, subject to the following conditions and restrictions:  The 42-acre tract shall in no way be disposed of or deed given or sale made by her until she arrives at the age of 35 years."  Held, that "the limitation on the use was not inconsistent with the fee, and was therefore valid."  "Although the limitation is only against her voluntary act of alienation, yet, as a decretal sale could not be legally made without her consent, her right to the interdiction constructively applies to any such sale, unless for the payment of debts for which she may be legally bound."  In discussing the question, the court said: "Reading the devise as if it were all in one continuous clause, it is apparent that by the words 'in fee simple' the testatrix intended to pass to Adeline the absolute title, with the conservative restriction on her own alienation before she should attain 35 years of age."  Other questions were involved and discussed in the case supra which we need not notice.  Substantially the same question was under consideration in Stewart v. Barrow, 7 Bush, 369.  In this case it was again held that Mrs. Stewart could neither sell nor mortgage the property in question.  In other words, it was held that the limitation of her power to sell until she was 35 years of age was valid, and that she could not pass any title or create any incumbrance thereon until she arrived at the specified age.  In Gray, Restr. Alien. Prop., sec. 52, p. 29, it is said:

"The actual state of law in the United States is as follows: It has often been said that a condition against alienation confined to a limited period is good, but such remarks have been *obiter dicta*, without any reasoning or citation of authorities,"—referring to Cowell v. Springs Co., 100 U. S., 55, 57, 25 L. Ed., 547; Jackson v. Schutz, 18 Johns., 174, 184, 9 Am. Dec., 195; Bank v. Davis, 21 Pick., 42, 32 Am. Dec., 241; Simonds v. Simonds, 3 Metc. (Mass.), 558, 562; Andrews v. Spurlin, 35 Ind., 262, 268; Jauretche v. Proctor, 48 Pa., 466, 472; Sanford v. Lackland, 2 Dill., 6, 10, Fed. Cas. No. 12,312. "So, if confined to a reasonable, limited period." Gray v. Blanchard, 8 Pick., 284, 289. See 9 Am. Law Reg. (N. S.), 461, 463. The case most generally cited in favor of the validity of a limited restraint is McWilliams v. Nisly 2 Serg. & R., 507, 513, 7 Am. Dec., 654, in which is to be found a dictum of Tilghman, C. J., that a limited restraint is good, supported by a reference to Large's case, 2 Leon., 82, 3 Leon., 182. The chief justice says: "For what length of time this general restriction may endure, it is not necessary to decide, nor shall I attempt to trace the boundary. Suffice it to say, and I think it may-be said with great safety, that it may last during the life of any person in existence at the time of making the deed." In section 53 it is said: "The cases in which such conditions have been sustained are (1) Stewart v. Brady, 3 Bush, 623. See Stewart v. Barrow, 7 Bush, 368. Here, in an opinion without any citation of cases, a condition attached to a devise in fee, that the devisee should not sell until he was thirty-five years of age, was held good." Several authorities are also cited in support of the validity of such restriction. The learned author further says: "The weight of authority, and especially of reasoned authority, is against the validity of restraints upon alienation, however

Davis v. Paducah Ry. & Light Co.

limited in time," and makes some quotations from the courts of last resort of other States in support of the text. It will, however, be seen that this court has expressly decided that such limitations as made in the case at bar are valid, and that the vendee or legatee can not pass title to a purchaser until the expiration of the limit. We therefore adhere to the decisions of this court in the cases herein mentioned. It may also be said that it is a universal rule of law that a party can not hold under and in opposition to a will.

After a careful consideration of this case, we are constrained to hold that the circuit court erred in the judgment appealed from. The judgment is therefore reversed, and cause remanded for proceedings consistent herewith.