CASE 41—ACTIONS BY DORCAS SMITH AND S. KAHN'S SONS AGAINST T. D. SMITH, TO SUBJECT A TRACT OF LAND TO THEIR DEBTS.— APRIL 24.

# Smith v. Smith.
# S. Kahn's Sons v. Smith.

APPEAL FROM TRIGG CIRCUIT COURT.

FROM A JUDGMENT SETTING ASIDE PLAINTIFF'S ATTACHMENT ON DEFENDANT'S LAND, PLAINTIFF APPEALS. REVERSED.

WILL—RESTRICTION ON ALIENATION—EFFECT AS TO CREDITORS.

Held: 1. Under Kentucky Statutes, section 1681, providing that land to which the defendant has a legal title in fee for life or for a term, whether in possession, reversion, or remainder, may be sold under execution, and section 2355, making estates of every kind held in trust subject to the debts of the person for whose benefit they are so held, just as they would be if those persons owned a like interest in the property itself, the title of a devisee may be subjected by his creditors, notwithstanding a provision of the will restricting alienation by him until he arrives at a certain age.

330 KENTUCKY REPORTS. [Vol. 115

Smith v. Smith. S. Kahn's Sons v. Smith.

JAMES B. GARNETT, FOR APPELLANT, DORCAS SMITH.

R. A. BURNETT, FOR S. KAHN'S SONS.

This is a proceeding to subject the land owned by defendant, T. D. Smith, to the payments of appellant's debts, the two cases being heard together.

Attachments were obtained on the ground of the non-residency of the defendant, and were levied on the land as the property of T. D. Smith. The question in this case is whether, under the will of Hezekiah Smith, father of T. D. Smith, said land is subject to attachment and sale for debts. In the lower court judgments were rendered for the debts and the attachments were sustained, but the court held later that under the will of Hezekiah Smith, as construed by the court of appeals in the case of Wallace v. Smith, 24 R., 139, the limitation upon the power of appellee, T. D. Smith, to sell or convey the land was good and binding, and therefore the land could not be subjected to appellee's debts until he was thirty-five years of age. We contend that under the ruling of this court in the Wallace Case, *supra*, as well as in other cases, the appellants being judgment creditors and had their attachments levied on the land for which appellee was legally bound, that the land was subject to said debts notwithstanding the fact that the appellee himself could not legally sell and convey it by voluntary alienation. Whatever interest a man owns in any property, not exempt by law, ought to be and is subject to the payment of his debts.

## AUTHORITIES CITED.

Wallace v. Smith, 24 R., 139; Stewart & Wife v. Brady, 3 Bush, 623; Stewart v. Barrow, 7 Bush, 369.

DENNY P. SMITH, ATTORNEY FOR APPELLEE.

Nothwithstanding the defendant, T. D. Smith was proceeded against as a non-resident, he appeared in person and confessed judgment. The attachments had been levied on fifty acres of land, being part of a tract of eighty acres willed to appellee by his father, prohibiting "a pledge, mortgage or sale by deed of said land till appellee is thirty-five years of age." The attachments were sustained by the court and order of sale granted at February term, 1902, and left open. Afterwards on March 7, the case of Wallace, &c. v. Smith was determined by this court, holding that said land could not be sold by appellee under said will. At the May term, 1902, of the court, appellant's moved for judgment and order of sale for said fifty acres of land which motion the court overruled, and the former order of sale and

order sustaining attachments set aside, from which this appeal is prosecuted.   It is agreed in the order that T. D. Smith is only twenty-six years of age.

It seems to be the fixed policy of this court to uphold limited restraints on alienation in wills and deeds, especially where the language is clear and the prohibition is a condition of the conveyance.

We suggest further that appellee in his answer to the attachment stated that he was a *bona fide* citizen of Kentucky, with a family.   This was not denied.   He had returned to Kentucky after the decision of the court in the case of Wallace v. Smith.   The cases having been consolidated, said answer was considered by the court in the entire case.   Hence we think the attachments were properly discharged.

We hold that said land can not be subjected to the payment of appellee's debts either by execution or attachment. Am. & Eng. Ency. of Law, vol. 1, pp. 914-15.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellants, as creditors of T. D. Smith, brought these actions against him in the Trigg circuit court to subject to their debts a tract of land owned by him.   Attachments were taken out which were levied on the land.   The attachments were sustained, but before a judgment was entered for the sale of the land it was held by this court in the case of Wallace v. Smith, 113 Ky., 263, 24 R., 139, 68 S. W., 131, that T. D. Smith, under the will of his father, from whom he got the land, could not pledge, mortgage, or sell it until he was 35 years old.   After this decision was rendered, the circuit court set aside the order sustaining the attachments, and adjudged that the land could not be subjected to the debts.

The clause of the will referred to is in these words: "I give to my son Thomas D. Smith at the death of my wife the above eighty acres of land; but if my wife shall be living when my son Thomas D. Smith becomes twenty-one years old he is to have fifty acres of the above eighty acres. At the death of my wife, my son Thomas D. Smith shall

have the remaining thirty acres of said eighty acres, but
he shall not pledge, mortgage or sell the eighty acres of
land hereby given to him, nor any part thereof, until he
is thirty-five years old."

In the case of Wallace v. Smith, the devisee sold the
land conditionally to Wallace, and an agreed case was sub-
mitted to test his power to convey. The court held that
the restriction in the will that he should not pledge, mort-
gage, or sell the land was valid. But the question is in
this case whether, notwithstanding this, his title may be
subjected by the creditors to the payment of their debts. In
Stewart v. Brady, 66 Ky., 623, this court, while upholding a
similar restriction as to a voluntary alienation, said: "The
interdiction constructively applies to any such sale, unless
for payment of debts for which he might be legally bound."
This exception as to debts for which the devisee was legal-
ly bound is again brought out by the court when the same
will was before it in Stewart v. Barrow, 70 Ky., 368, for
there the court rests its judgment on the ground that the
debts for which the mortgage was given were the debts
of the husband. These cases are referred to and quoted
from in Wallace v. Smith as the basis of that opinion. By
section 1681, Kentucky Statutes, it is provided: "Land to
which the defendant has a legal title in fee for life or for
a term, whether in possession, reversion or remainder, may
be taken and sold under execution." By section 1702 a
homestead of $1,000 is exempt. By section 1709 incumbered
property may be sold. By section 2355 estates of every
kind held in trust are made subject to the debts of the per-
son for whose benefit they are so held, just as they would
be if those persons owned a like interest in the property
itself. The purpose of the statute is to make every interest
which a debtor may own in land, not exempt as homestead,

subject to the payment of his debts, and it has often been
held that a devisor can not vest in his devisee a beneficial
interest in land which shall not be subject to the payment
of his debts, although the will expressly so provides. Sam-
uel & Johnson v. Ellis, 51 Ky., 483; Samuel v. Salter, 60
Ky., 259; Woolley v. Preston, 82 Ky., 415 (6 R., 381); Par-
sons v. Spencer, 83 Ky., 305 (7 R., 329); Bland's Adm'r v.
Bland, 90 Ky., 400, 12 R., 532, 14 S. W., 423, 9 L. R. A., 599,
29 Am. St. Rep., 390. In the case last cited, the court said:
"The law regards the substance rather than the form; and
persons disposing of their property by will can not be per-
mitted to really make a debtor the beneficiary of their boun-
ty, and by evasion defeat the statute for the protection of
the creditor."

While a man may dispose of his property as he pleases,
by will, the law will disregard any restrictions which he
may place upon the property that are forbidden by law.
It is the policy of our law that no man can hold as his own
and enjoy property free from the claims of his creditors,
but that all property not exempt from execution shall be
subject to the payment of his debts. If a provision that
the devisee should not pledge, mortgage or sell the property
until he reached a certain age would exempt it from the
claims of his creditors until that time, then the purpose of
the statute might be easily defeated, and the beneficial in-
terest in property might be secured to devisees, and placed
beyond the reach of their creditors. This can not be al-
lowed.

The question is not here presented whether, under a de-
vise like this, if it was necessary to pay debts, the devisee
might not in good faith sell the property, or a part of it,
for this purpose himself, to avoid the cost of judicial pro-
ceedings. The right of the creditor to subject the property

comes from the statute which overrides the will where the will is in conflict with the legislative policy. The disability of the devisee to sell comes from the will under which he holds. The testator, in disposing of his estate, may annex any condition to his bounty he may see fit, not inconsistent with the policy of the law; and a reasonable restriction on the power of the devisee to alienate is upheld on this ground, as the testator may have a variety of reasons for such a provision. But while this is true of the devisee, it can not affect a creditor whose rights are conferred by law.

Judgment reversed, and cause remanded for a judgment subjecting the land.