O. M. ANDERSON, Appellant,

v.

Alex BLACKBURN, Sheriff of Pike County, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 19, 1956.

Rehearing Denied Feb. 12, 1957.

Dan Jack Combs, Pikeville, for appellant.

Charles E. Lowe, O. T. Hinton, Pikeville, for appellees.

WADDILL, Commissioner.

On May 26, 1955, executions were issued for $664 and $440.22 by the Pike Circuit Court, directing the sheriff to levy on the "personal estate" of the appellee, Elmon P. Walters. At that time, Walters resided in Shelby County. These writs were levied on Walters' undivided one-half interest in real property situated in Pikeville, which he acquired by devise from his father. This devise was restricted by the following limitation:

"That neither of my said sons shall alienate or encumber the interest hereby devised until the expiration of fifteen (15) years from the date of my decease."

The testator died in 1947, less than 15 years prior to the levy. Walters' one-

half interest was appraised at $30,000, and was purchased by appellant at the sheriff's sale for $20,000.

Subsequently the appellant filed suit against the sheriff, the plaintiffs named in the executions, and Elmon P. Walters, seeking a declaration of rights under the execution sale. The circuit court held that the levy and sale were void because the sheriff was directed by the writs to satisfy the judgments out of the "personal estate" of the appellee Walters, therefore the officer's power was limited and he could not levy on real property. The court also held that the sale was void on the ground that the restraint mentioned in the will was a valid restraint, and that Walters' property could not be sold or encumbered, either voluntarily or involuntarily, for fifteen years after probate of the will. It is from this judgment that this appeal is prosecuted.

There are two questions presented by this appeal: (1) Whether a levy and sale of real property, under writs of execution which direct the sheriff to satisfy judgments out of "personal estate," are void; and, (2) whether the provision of the will, restraining the sale or encumbrance of the property for 15 years following the testator's death, prohibits an involuntary sale of the property for benefit of creditors.

Appellee Walters had actual notice of the execution sale, "a week or ten days maybe, maybe two weeks," before the sale. At that time Walters claims he had unencumbered merchandise in Shelby County, yet he did not notify the sheriff of Pike County of this alleged fact, nor did he request that the levy be made on this personalty. There was no evidence that Walters had personalty in Pike County at the time of the execution of the writ.

Pertinent sections of our statutes are as follows: KRS 426.130 provides:

"Property shall be liable to levy and sale under execution in the follow-

ing order: First, personalty; second, land."

And, KRS 426.140, which states that if personalty is insufficient, land may be sold.

As a general rule, an error or a mistaken recital or direction, whether in the endorsement or in the body of the writ, may be treated as surplusage, and therefore does not vitiate it. Freeman on Executions, 3rd Edition, § 38. Where it is apparent from the writ, as it is in this case, that it has been issued upon a judgment designated therein, and that its object is to require the officer to whom it is addressed to take steps to satisfy such judgment, we do not think it material that some error or omission has been made in the words of command contained in the writ.

There is no merit to appellee Walters' contention that the provision of his devisor's will prohibits the sale of the property in question for the benefit of creditors. KRS 426.190 provides:

"Land to which the defendant has a legal or equitable title in fee, for life or for a term, whether in possession, reversion or remainder, or in which the defendant has a contingent interest or a contingent remainder or a defeasible fee, may be taken and sold under execution."

The appellee contends that the restraint is valid because it is reasonable. We are not concerned in this case with whether or not the restraint imposed is a valid reasonable one. The question is whether such a restraint places the property beyond the reach of creditors of the devisee. The case of Smith v. Smith, 115 Ky. 329, 73 S.W. 1028 is directly in point. In that case the testator provided that the son should not pledge, mortgage or sell the interest devised until he attained the age of 35 years. In a previous case involving this same provision, from the same will, this Court had held that the restraint was reasonable and the son could not pledge

mortgage or sell his interest until he became thirty-five. Wallace v. Smith, 113 Ky. 263, 68 S.W. 131. On the basis of the Wallace decision, the circuit court on the trial of the Smith case held that the devisee's interest could not be subjected to his debts. In reversing that judgment this Court said:

> "While a man may dispose of his property as he pleases, by will, the law will disregard any restrictions which he may place upon the property that are forbidden by law. It is the policy of our law that no man can hold as his own and enjoy property free from the claims of his creditors, but that all property not exempt from execution shall be subject to the payment of his debts. If a provision that the devisee should not pledge, mortgage, or sell the property until he reached a certain age would exempt it from the claims of his creditors until that time, then the purpose of the statute might be easily defeated, and the beneficial interest in property might be secured to devisees, and placed beyond the reach of their creditors. This cannot be allowed." See, Smith v. Smith, 115 Ky. 329, 73 S.W. 1028, 1029.

We hold that the levy, and subsequent sale of appellee's property were valid. The word "personal" appearing in the execution was surplusage and did not restrict the power of the sheriff to levy on real property since no personalty was found. We further conclude that the restraint as recited in the will, although it may be reasonable and binding on the appellee, does not place the property in question beyond the reach of the devisee's creditors.

The judgment is reversed, and the case is remanded to the circuit court for a judgment to be entered in accordance with this opinion.

HOGG, J., not sitting.