# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

2016-SC-000451-WC

TRIM MASTERS, INC.                                 APPELLANT

                ON APPEAL FROM COURT OF APPEALS
                   CASE NO. 2015-CA-000923-WC
V.                     WORKERS' COMPENSATION BOARD
                         NO. 11-WC-66743

EVA BETH ROBY;                               APPELLEES
HON. WILLIAM J. RUDLOFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

The Administrative Law Judge (ALJ) found that Eva Beth Roby is permanently and totally disabled as a result of a work-related injury. The Workers' Compensation Board (Board) reversed the ALJ and remanded with instructions for the ALJ to make an award of permanent partial disability. The Court of Appeals, holding that the Board had substituted its judgment for that of the ALJ, reversed the Board and reinstated the ALJ's opinion. Having reviewed the record, we affirm the Court of Appeals.

## I. BACKGROUND.

The underlying facts are essentially not in dispute. Roby, who worked as an assembler for Trim Masters, suffered a repetitive trauma injury to her right upper extremity that became manifest on April 22, 2011. At the time, Roby was thirty-three years of age; had a high school education with no specialized or vocational training; and had worked as a retail and fast food cashier and an assembler for another manufacturer. As a result of her injury, Roby experienced pain throughout her right upper extremity with loss of right hand grip strength.

Dr. Gabriel initially treated Roby conservatively but, when she did not improve, he performed surgery in October 2011. Following that surgery, Roby continued to experience right upper extremity pain and weakness, and Dr. Gabriel advised her to refrain from repetitive use of her right upper extremity and to avoid lifting more than 10 pounds. Roby has not returned to work since October 2011.

In November 2012, Roby filed an Application for Resolution of Injury Claim. The parties thereafter litigated this matter with Roby filing a medical report from Dr. Bilkey, who concurred with Dr. Gabriel's restrictions and who assessed a 6% permanent impairment rating. Roby also filed a vocational report from William Ellis who opined that, because of the limitations on the use of her right upper extremity, Roby was totally disabled. Ellis indicated that Roby might benefit from vocational rehabilitation but not until her pain decreased and her use of her upper extremity improved.

2

Trim Masters filed the vocational evaluation report of Paula Shifflett. Shifflett noted that Roby had enrolled as a full-time student in the nursing program at St. Catherine College, with the intent of becoming a pediatric nurse. Shifflett did not address the extent of Roby's disability but provided a detailed cost/benefit analysis of attending St. Catherine College versus attending Bluegrass Community and Technical College. Trim Masters also filed Dr. Gabriel's records and a job description, which indicated that Roby was required to use her hands constantly and lift up to 20 pounds.

Roby testified in her deposition and at the final hearing that she was attending St. Catherine College with the goal of becoming a pediatric nurse. According to Roby, nurses, counselors, and teachers had advised her that she would be able to work as a pediatric nurse with her restrictions.

Based on the preceding evidence, the ALJ rendered an opinion on May 13, 2013, finding that Roby is totally and permanently disabled. Trim Masters appealed to the Board. On January 3, 2014, the Board vacated the ALJ's opinion and remanded with instructions for the ALJ to undertake additional analysis regarding his finding of permanent and total disability. In particular, the Board ordered the ALJ to address how Roby's age and her "current schooling and nursing aspirations factor into his decision." Furthermore, the Board stated that "[a]lthough there may be substantial evidence in the record supporting the ultimate determination Roby is permanently and totally disabled, the ALJ must provide an adequate explanation of the basis for his

3

decision." Finally, the Board stated that it was not directing the ALJ to make any particular finding as to the extent and duration of Roby's disability.

On February 14, 2014, the ALJ rendered an amended opinion, again finding that Roby is totally and permanently disabled. As noted by the Court of Appeals, the ALJ's second opinion:

> [R]estated key points from the testimony of [Dr.] Bilkey, noting that it was the most compelling evidence presented. With regard to age, the ALJ only noted that [Roby] was in "early middle age." In regard to Roby's education, the ALJ noted that she received her high school diploma "many years ago" and it was reasonably probable that if Roby received vocational rehabilitation and completed her degree, she could find gainful employment, which would operate as grounds for Trim Masters to move to reopen the matter under [Kentucky Revised Statute] KRS 342.125.

*Roby v. Trim Masters, Inc.*, 2015-CA-000923-WC, 2016 WL 3962602, at *2 (Ky. App. July 22, 2016). Trim Masters again appealed to the Board.

On July 3, 2014, the Board again vacated the ALJ's opinion, finding that he had again failed to adequately address how Roby's age and educational pursuits factored into his opinion. Additionally, the Board stated that the ALJ had failed to factor into his opinion Roby's testimony that a number of people had advised her that she would be able to work as a pediatric nurse within her restrictions.

On August 11, 2014, the ALJ rendered a third opinion, noting that he observed Roby and was in the best position to judge her credibility. The ALJ also found that Roby's "age places her in early middle age for the purposes of re-employment in the highly competitive job market." As to her education, the ALJ noted that it had been several years since Roby completed high school and

4

that she had no vocational education or training, which also had an adverse impact on her ability to find employment. As to Roby's physical capabilities, the ALJ found that her restrictions limited her to one-handed work and that her level of pain further restricted her employment options. Based on the preceding, as well as Ellis's opinion that Roby is incapable of returning to work, the ALJ again found her to be permanently and totally disabled. Trim Masters again appealed to the Board.

On December 5, 2014, the Board again vacated the ALJ's opinion, finding that he had failed to adequately address Roby's pursuit of a nursing degree in his conclusion. The Board also stated that the ALJ's finding that Roby is "early middle age" did not adequately address how he factored Roby's age into his conclusion.

On January 15, 2015, the ALJ rendered his fourth opinion, which as the Court of Appeals found,

> was largely identical to the opinion he issued on August 11, 2014, with several exceptions. The ALJ underlined pertinent facts throughout his recitation of the evidence which tend to support his findings. Regarding Roby's age, the ALJ offered the following finding: "Ms. Roby is now 37 years of age and I make the determination that her age places her in the early middle age for purposes of re-employment in the highly competitive job market under Bureau of Labor Statistics studies" (emphasis in original). He further opined that the fact that Roby is 37 years old and has not worked in three years supports a finding of PTD, with no further elaboration. The ALJ also repeated Ellis' conclusions just as he had done in the previous order, but with underlining for emphasis. The ALJ also addressed the new concern raised by the Board in its previous order, by noting that no vocational evidence was produced which tended to show Roby would be physically capable of performing the job duties of a pediatric nurse, and the only evidence to the contrary is anecdotal. The ALJ ultimately reached the same conclusion as in the previous three orders [sic].

5

*Id.* at *3. Trim Masters appealed to the Board for the fifth time.

As the Court of Appeals indicated, it appears that "[t]he patience of the [Board] members had clearly grown thin by this point." *Id.* This time, the Board vacated the ALJ's opinion stating as follows:

> After having been afforded the opportunity to do so on multiple occasions, the ALJ has failed to provide more than mere conclusory statements in determining Roby is permanently totally disabled. Regarding the impact of Roby's college enrollment, the ALJ merely stated there was no "expert testimony". Regarding Roby's age, the ALJ repeated the fact Roby is thirty-seven years of age, which he found to be "early middle age", again without explaining the impact, or how this supports his finding of PTD. The ALJ's statement Roby has not worked in over three years is based on an assumption since there is no such testimony in the record. The ALJ merely assumes Roby had not worked since the claim was initially taken under submission.
> Authority generally establishes an ALJ must effectively set forth adequate findings of fact from the evidence in order to apprise the parties of the basis for his decision, although he is not required to recount the record with line-by-line specificity nor engage in a detailed explanation of the minutia of his reasoning in reaching a particular result. Shields v. Pittsburgh and Midway Coal Min. Co., 634 S.W.2d 440 (Ky. App. 1982); Big Sandy Cmty. Action Program v. Chaffins, 502 S.W.2d 526 (Ky. 1973).
> We agree the ALJ was not required to discuss every shred of evidence which factored into his decision. However, after being directed to do so, and having been afforded the opportunity to provide some explanation for his reasoning, the ALJ has failed to explain how the fact Roby is now thirty-seven years of age translates into her being permanently totally disabled. Likewise, although directed to do so, the ALJ has failed to address how the fact Roby is attending college has factored into his reasoning.
> The ALJ has failed to respond to the directive of this Board, and has only provided conclusory statements. Merely making conclusory statements without citation to supporting substantial evidence amounts to an abuse of discretion. Abuse of discretion has been defined, in relation to the exercise of judicial power, as that which "implies arbitrary action or capricious disposition under the circumstances, at least an unreasonable and unfair decision." Kentucky Nat. Park Commission, ex rel. Comm., v. Russell, 301

6

Ky. 187, 191 S.W.2d 214 (Ky. 1945). Bullock v. Goodwill Coal Co., 214 S.W.3d 890, 893 (Ky. 2007).

Because the ALJ has inexplicably failed to point to substantial evidence supporting his decision, the award of PTD benefits is hereby reversed. On remand, the ALJ is directed to make a determination regarding the extent of Roby's entitlement to PPD benefits. In arriving at this decision, we are not engaging in fact-finding. The ALJ has had multiple opportunities to cite to the evidence which supports his determination, and has been unable to do so.

As noted in the dissent from the December 5, 2014 opinion, it is not in the interest of judicial economy to remand this case for additional fact-finding regarding entitlement to PTD benefits. We note the evidence has established Roby sustained a serious injury, but the ALJ has failed to provide substantial evidence supporting an award of PTD benefits. However, clearly Roby is entitled to an award of PPD benefits. Therefore, we remand for the ALJ to make an award of PPD benefits supported by the evidence.

Roby appealed to the Court of Appeals, which reversed, finding that substantial evidence supported the ALJ's opinion and that the Board had engaged in impermissible fact finding. Trim Masters now appeals to us, arguing that the Board was simply performing one of its duties by "reel[ing] in an ALJ when that ALJ has made a decision that is clearly erroneous and is not supported by substantial evidence of record."

## II. STANDARD OF REVIEW.

The ALJ has the sole discretion to determine the quality, character, and substance of the evidence and may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same party's total proof. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). Roby had the burden of proving every element of her claim, including the extent and duration of her disability. *See Gibbs v. Premier Scale Co./Indiana Scale Co.*, 50 S.W.3d 754, 763 (Ky.

2001), *as modified on denial of reh'g* (Aug. 23, 2001). Because she was successful before the ALJ, the question for us on appeal is whether the ALJ's finding of permanent and total disability is supported by substantial evidence. *Whittaker v. Rowland*, 998 S.W.2d 479, 481 (Ky. 1999). "Substantial evidence has been defined as some evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable men." *Id.* at 481-82. Thus, the determinative question to be answered on review is whether the ALJ's finding that Roby is permanently and totally disabled "is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law." KRS 342.285; *Ira A. Watson Dept. Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000).

### III. ANALYSIS.

There are essentially two issues before us: (1) whether the ALJ's ultimate finding of permanent and total disability was supported by substantial evidence; and (2) whether the ALJ's opinion was adequate to support his finding of permanent total disability. We address those issues in that order below.

**A.  The ALJ's finding of permanent and total disability was supported by substantial evidence.**

In pertinent part, KRS 342.0011(11)(c) defines permanent total disability as "the condition of an employee who, due to an injury, has a permanent disability rating and has a complete and permanent inability to perform any type of work as a result of an injury." Work is defined as "providing services to another in return for remuneration on a regular and sustained basis in a

8

competitive economy." KRS 342.0011(34). In determining whether a claimant is totally and permanently disabled an ALJ is required to undertake:

> an individualized determination of what the worker is and is not able to do after recovering from the work injury. Consistent with *Osborne v. Johnson,* [432 S.W.2d 800 (Ky. 1968)], it necessarily includes a consideration of factors such as the worker's post-injury physical, emotional, intellectual, and vocational status and how those factors interact. It also includes a consideration of the likelihood that the particular worker would be able to find work consistently under normal employment conditions. A worker's ability to do so is affected by factors such as whether the individual will be able to work dependably and whether the worker's physical restrictions will interfere with vocational capabilities. The definition of "work" clearly contemplates that a worker is not required to be homebound in order to be found to be totally occupationally disabled. *See, Osborne v. Johnson, supra,* at 803.

*Ira A. Watson Dept. Store,* 34 S.W.3d at 51.

The undisputed evidence established that Roby has a 6% permanent impairment rating, cannot lift more than 10 pounds with her right arm, cannot use her right arm repetitively, and has increased pain with use of her right arm. Roby has a high school education and, based on the record before the ALJ at the time he completed his opinion, Roby had completed no other vocational or specialized training. In terms of work-experience, Roby's past jobs required her to use her upper extremities repetitively and she has not worked since 2011.[1] Based on this evidence, and noting in particular Roby's

---

[1] The Board stated that the ALJ's statement that Roby had not worked for three years was based on an assumption as there was no such testimony in the record. We note that the parties stipulated that Roby last worked in October 2011. This stipulation is supported by Roby's February 15, 2013 deposition testimony that she was receiving unemployment benefits and her April 24, 2013 hearing testimony that she continued to receive unemployment. Neither party introduced evidence following the hearing, and there is no evidence in the record that Roby ever returned to work.

complaints of pain with use of her right arm, Roby's vocational expert, Ellis, concluded that she is totally disabled. Furthermore, Ellis stated that Roby's status would remain unchanged until she completed her education; however, he doubted she would be able to do so until she could get her pain under control. Based on the preceding, and considering Roby's age, which he described as "early middle age," the ALJ concluded that Roby is permanently and totally disabled.

Although we might not have reached the same conclusion, we cannot say that the ALJ's conclusion was, as a matter of law, unsupported by the evidence. Certainly, based on Roby's age, continuing education efforts, and belief that she could perform work in the future as a pediatric nurse, the ALJ could have concluded that Roby is only partially disabled. However, the evidence did not compel that finding. Furthermore, the Board acknowledged as much in its first opinion, stating that "there may be substantial evidence in the record supporting the ultimate determination Roby is permanently and totally disabled." Therefore, we affirm the ALJ's determination that Roby is permanently and totally disabled.[2]

### B.    The ALJ's Opinion was sufficient.

KRS 342.275(2) and KRS 342.285 contemplate an opinion that summarizes the conflicting evidence concerning disputed facts;

---

Therefore, the ALJ's assumption was a permissible inference based on the evidence of record.

[2] As the Court of Appeals noted, while the ALJ found Roby to be permanently and totally disabled based on the record as it existed, he recognized that completion of her education could lead to employment. If that occurs, Trim Masters can certainly reopen the award pursuant to KRS 342.125.

10

weighs that evidence to make findings of fact; and determines the legal significance of those findings. Only when an opinion summarizes the conflicting evidence accurately and states the evidentiary basis for the ALJ's finding does it enable the Board and reviewing courts to determine in the summary manner contemplated by KRS 342.285(2) whether the finding is supported by substantial evidence and reasonable.

*Arnold v. Toyota Motor Mfg.*, 375 S.W.3d 56, 61–62 (Ky. 2012) (footnote omitted).

As set forth above, the Board found, on four occasions, that the ALJ's opinions were deficient. The Court of Appeals disagreed, as do we. The ALJ set forth the evidence in some detail, noting Roby's education, work-experience, and medical and vocational deficits. He also noted that she was attending college and seeking a degree which would lead to employment she believed she could perform. However, he concluded that she was, at the time of his opinion, unable to perform any work in a competitive economy.

The Board, with each remand, found that the ALJ's opinions were deficient because the ALJ did not sufficiently explain how Roby's age and her pursuit of a college degree had an impact on her disability rendering his opinion deficient. While we understand the Board's frustration with an ALJ it perceived to be uncooperative, we disagree that the ALJ's opinion was deficient. We agree that the ALJ did not explicitly state that Roby would be precluded or even impaired from finding work because of her age. However, it is implicit in the ALJ's statement that Roby's "age places her in the early middle age for purposes of re-employment in the highly competitive job market" that he believed her age was a partial impediment to her returning to work. ("Implicit

11

in the ALJ's decision to reject the employer's argument that the shoulder injury did not prevent the claimant from working until November 2008 are findings that pain from the injury contributed to causing [his] stress and depression." *Id.* at 62.) Furthermore, the ALJ did address the impact Roby's continuing education had on his assessment of disability, stating that she might be able to return to work after completing that education. Again, implicit in that finding is a finding that Roby would not be able to return to work until she had completed that education.

Finally, although we believe the ALJ's last opinion was sufficient, the Board should not, based on this opinion, simply "rubber stamp" ALJ opinions that do not meet the requirements of KRS 342.285 and *Tudor* and its progeny. However, the solution for deficient opinions is to require more thorough opinions, as the Board attempted to do, not to make independent findings of fact, which is what the Board did here. Here, the ALJ's opinion is sufficient to enable reviewing courts to determine that it is reasonable and supported by substantial evidence; therefore, the Board's remand for a finding that Roby only suffers from a permanent partial disability was inappropriate.

## IV. CONCLUSION.

Having reviewed the record and the arguments of the parties, we affirm the Court of Appeals.

Minton, C.J.; Cunningham, Hughes, Keller, Venters and Wright, JJ., sitting. All concur. VanMeter, J., not sitting.

12

COUNSEL FOR APPELLANT:

Russell Scott Borders
Sarah Hays
Fogle Keller Purdy, PLLC

Emily Wetmore


COUNSEL FOR APPELLEE, EVA BETH ROBY:

Audrey Haydon
Ben Thomas Haydon, Jr.